

**FILED**
**APR 16 2007**
U.S. BANKRUPTCY COURT CLERK
By _____ DEPUTY CLERK

Herb Ross/AKB/09/USCOURTS
04/14/2007 03:05 PM

To  (Jeffrey Jarvi) jjarvi@gci.net, (Ron Offret) raoffret@bankrpcy
cc  Donald MacDonald/AKB/09/USCOURTS@USCOURTS
    Cheryl Rapp/AKB/09/USCOURTS@USCOURTS
bcc
Subject  Adv. No. A07-90003-HAR

Jeff and Ron-

I'm leaving town Sunday morning until the end of April so am addressing the pending motions for Summary Judgment by Black and for an extension of time to respond by Moser informally in this e-mail.

I'm going to grant Moser until 05/04/07 to file a brief in opposition to the summary judgment motion (I'll enter an order later), but even if a response were not filed, I have *tentatively* decided to deny the motion for the following reasons:

1- ALASKA ASSOCIATED REALTY- With respect to Alaska Associated Realty, if it is a separate entity, it is not a debtor in the bankruptcy and the bankruptcy court does not appear to have jurisdiction to decide a third-party dispute (i.e., between Black and AAR). It is likely that no automatic stay is in effect (if AAR is a separate entity and its property is not property of the bankruptcy estate), so that Judge Tan could still enter an $85,000 judgment against AAR. Note: due to lack of time, I haven't reviewed the schedules to see if my analysis is correct about not being property of the estate, but Jeff can advise me if I've missed something.

2- COLLATERAL ESTOPPEL- Collateral estoppel probably does not work because Judge Tan's partial summary judgment -- that there was fiduciary fraud by Moser -- was never made into a final judgment. Under Grogan v Garner, how collateral estoppel rules are applied to a dischargeability situation based on a state court judgment is governed by the state's law regarding collateral estoppel (issue preclusion). Pruitt v City of Seward, 152 P3d 1130, 1138 (Alaska 2007) sets out the four elements for issue preclusion, and includes the requirement of a "final" resolution. The partial summary judgment is not sufficient. *See*, Currington v Johnson, 685 P2d 73, 77 (Alaska 1984) (regarding finality in an appeal situation).

Although Judge Tan entered an order subsequent to the partial summary judgment based on the parties' settlement, and said he would enter a judgment for $85,000 if payment were not made in December, nothing in the record before me shows a final judgment was or would be entered on sec. 523(a)(4) type grounds. There are a lot of bankruptcy cases which have denied preclusive effect to a state court judgment which could have been entered on multiple grounds (as alleged in Black's state court complaint), some of which would have precluded a discharge of a debt and others which would not. In this case, the dots simply aren't connected between the fiduciary fraud and the damages from that fraud sufficient to grant judgment based on issue preclusion.

3- RULE 56 ON THE HISTORICAL FACTS- I would *tentatively* decline to follow Judge Tan's lead in entering a partial summary judgment, even if Moser's response to the summary judgment in the bankruptcy court case is as minimal as it was in state court or absent altogether, because the remaining issues left for trial would certainly have to cover how Moser used the advances made by Black fall within the ambit of sec. 523(a)(4) and entail the same evidence. Judge Tan ruled there would have to be a trial on this type of evidence, and partial summary judgment would not narrow the issues in this case significantly.

If Black's motion seeks to merely enforce the $85,000 settlement as a final judgment by the bankruptcy court, the same infirmity exists as alluded to under the collateral estoppel analysis. It was not a final judgment and the nexus between the partial summary judgment and a final judgment on a settlement is missing as it relates to the sec. 523(a)(4) issue.

4- WHERE TO WE GO FROM HERE?- The state court case looks like it was very expensive for the parties. It will likewise be expensive for both parties to litigate on the merits in bankruptcy court, if that is

necessary.  **I strongly suggest you consider mediation** to resolve their dispute before Judge MacDonald or another neutral mediator before sinking more money into this case. I'll copy Judge MacDonald with this e-mail.

In the settlement hearing before Judge Tan, there is a mention in his order regarding the settlement of facts and stipulations put on the record in state court. If any of those involve admissions by Moser which would be relevant to this sec. 523(a)(4) adversary, they might be added to the record in the summary judgment matter. I don't recall seeing them in Jeff's voluminous memorandum.

I'll set a status conference in early May. In the meantime, Ron should protect his record by filing a response to the summary judgment motion by May 4, 2007 -- my conclusions are tentative, but could change. If Jeff does supplement the record (as mentioned in the preceding paragraph) after April 20, 2007, Ron will be given more time to respond.

Regards ------- Herb Ross, USBJ

Cheryl- Please print this e-mail and have a copy docketed so that it becomes part of the record.

==============================================
Herb Ross- US Bankruptcy Judge, Alaska (Recalled)
Phone: 907.271.2630    -    Fax: 907.271.2692
E-Mail: herb_ross@akb.uscourts.gov
==============================================

Serve: J. Jarvi
       R. Offret
       C. Rapp
       Case Mgr.

04/16/07